# In the United States Court of Federal Claims

No. 23-1040 C

(Filed: January 18, 2024)

```
* * * * * * * * * * * * * * * * *****
                                    *
STRACON SERVICES GROUP, LLC,        *
                                    *
                  Plaintiff,        *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
       and                          *
                                    *
ADVANCED TECHNOLOGY LEADERS,        *
                                    *
                  Defendant-Intervenor. *
                                    *
* * * * * * * * * * * * * * * * *****
```

**ORDER**

      This bid protest challenged the Army Contracting Command's decision to award Advanced Technology Leaders, Inc. ("ATL") a systems-engineering contract despite alleged "patent organizational conflicts of interest ('OCIs') arising from the work of ATL's teammate, Seneca Global Solutions ('Seneca')." ECF No. 1 ¶ 2. After a remand and investigation—based on, *inter alia*, StraCon Services Group's ("StraCon") challenges—the government determined that "award to ATL was improper, in light of the potential for an OCI involving Seneca." ECF No. 13 at 2. Accordingly, the government rescinded award of the contract to ATL and terminated the contract for convenience. *Id.* However, in taking corrective action, the government also noted that "ATL [would] have the opportunity to submit a revised proposal that no longer relies on a teaming agreement with Seneca." *Id.* at 3.

      Recognizing that the case was moot, two other protestors that challenged the contract award, WILL Technology, Inc., and Mayvin, Inc., dismissed their complaints voluntarily and without prejudice. ECF No. 14 at 3. Despite acknowledging to the Court that "these cases are all moot," Tr. 11:10–11, ECF No. 18, StraCon chose not to dismiss its protest voluntarily. Therefore, both the government and ATL moved to dismiss the protest. ECF Nos. 14, 15. In response to the motions to dismiss, StraCon acknowledged again that its complaint was moot. ECF No. 16 at 1. It requested, however, that the Court "(a) order Defendant to produce its OCI investigation materials so that StraCon may assess the basis for the unnecessary assertion

regarding ATL's eligibility, (b) direct Defendant to retract its unnecessary statement regarding ATL's eligibility, or (c) note StraCon's concern in any order dismissing this matter without prejudice based on corrective action so that this Court's precedent regarding silence when faced with such corrective action statements does not apply" prior to dismissing it.  *Id.* at 4.  In other words, StraCon wants the Court to note StraCon's objection to the government's decision to allow ATL to rebid the contract despite its finding that ATL had an OCI to attempt to avoid waiving any argument related to the OCI in a future bid protest.

Because the Court concurs that this protest is moot and Plaintiff has itself admitted the same, the motions to dismiss are hereby **GRANTED**, and the case is dismissed without prejudice.  As this case is moot, the Court lacks jurisdiction to provide the other relief StraCon requests, other than to note StraCon's objection to the content of the government's corrective action regarding ATL's ability to cure its OCI and rebid for the contract at issue in this protest.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
Zachary N. Somers
Judge
